IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS GEORGE DOVER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 21-2953 |
| | : | |
| v. | : | |
| | : | |
| KYLE LASKOSKIE, Pa. State Trooper; | : | |
| FRANK GAWEL, Pa. State Trooper; and | : | |
| JOHN DOE, Shift Supervisor – Trooper, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                                          August 11, 2021

The *pro se* plaintiff brings this civil action alleging that Pennsylvania State Troopers violated his constitutional rights when they arrested him and seized his property in February 2019. The plaintiff also seeks leave to proceed *in forma pauperis*.

Although the court will grant the plaintiff's request for leave to proceed *in forma pauperis*, the court will dismiss the complaint for the failure to state a claim. The plaintiff recently filed an identical claim in another lawsuit, asserting that the defendants violated his due process rights under the Fourteenth Amendment when they arrested him and also seized and failed to return his property, and the court dismissed it because he failed to state a claim. More specifically, the court determined that Pennsylvania law provides an adequate post-deprivation process and the plaintiff had not alleged that he availed himself of that process prior to bringing this action. As the factual allegations underlying the plaintiff's due process claim here are identical to those included in the prior lawsuit, the court must again dismiss the claim. If he so chooses, the plaintiff may pursue his claim relating to the unreturned property in state court.

I.        **ALLEGATIONS AND PROCEDURAL HISTORY**

Before reciting the relevant allegations in this case, the court notes that the *pro se* plaintiff, Louis George Dover ("Dover"), recently filed a lawsuit regarding the events forming the basis of his present claims. *See Dover v. Tallarico, et al.*, Civ. A. No. 21-2425 (E.D. Pa.) ("*Dover I*"). In the prior action, Dover alleged various constitutional violations relating to a stop of his vehicle on February 15, 2019, his subsequent arrest, and his eventual conviction after he entered a negotiated guilty plea in April 2021.[1] *See* 2d Am. Compl. at ECF pp. 2–12, *Dover I*, Doc. No. 5. Dover also named some of the same defendants named in this case as he sued (1) Pennsylvania State Troopers Laskoskie and Gawel, who allegedly illegally stopped his vehicle, unlawfully arrested him and filed a criminal complaint against him, and failed to return property seized from him; (2) a John Doe supervisor who was at the State Police barracks while Dover was processed after his arrest who allegedly failed to supervise properly those troopers who handled his processing at the barracks; and (3) a public defender who allegedly failed to properly represent him at one point during his criminal proceedings. *See id.* at ECF pp. 1–7.

---

[1] The publicly available docket reveals that Pennsylvania State Police arrested Dover in Lancaster County on February 15, 2019. *See* Docket, *Commonwealth v. Dover*, No. MJ-2305-CR-50-2019 (Magis. Ct. Lancaster), *available at*: https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-02305-CR-0000050-2019&dnh=SiLEFkDn%2BSfu%2BxGTOFRnUA%3D%3D ("Magis. Docket"). One of the defendants in this case, Trooper Laskoskie, is listed on the docket as the arresting officer. *Id.*

    On February 15, 2019, a criminal complaint was filed, and Dover was charged with carrying a firearm without a license, possession of marijuana and drug paraphernalia, operating a vehicle without rear lights, and driving under the influence of a controlled substance. *Id.* Dover was preliminarily arraigned on the same date and, because he was unable to post bail, Dover remained in custody from February 15, 2019, until February 22, 2019. *Id.*; *see also* 2d Am. Compl. at ECF p. 3, *Dover I* ("Plaintiff was then taken to prison for a week from 2-15-19 to 2-22-19 . . . .").

    Dover waived his right to a preliminary hearing and a criminal information was filed in the Court of Common Pleas of Lancaster County on March 27, 2019. *See* Docket, *Commonwealth v. Dover*, No. CP-36-CR-1506-2019 (Ct. Com. Pl. Lancaster), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-36-CR-0001406-2019&dnh=pPRB98MLg7mzvVxP4At%2BAg%3D%3D. On April 16, 2021, Dover entered into a negotiated guilty plea in which he pleaded guilty to the charges of operating a vehicle without rear lights and driving under the influence of a controlled substance. *Id.* The Commonwealth *nolle prossed* the remaining charges. *Id.* At the same time, Dover received a sentence of a minimum of time served to a maximum of six months' incarceration, and he was to be immediately paroled. *Id.*

This court reviewed Dover's operative complaint in the prior action under 28 U.S.C. § 1915(e)(2) and entered a memorandum opinion and order dismissing it in its entirety for the failure to state a claim under section 1915(e)(2)(B)(ii) on June 11, 2021. *See* Mem. Op., *Dover I*, Doc. No. 6; Order, *Dover I*, Doc. No. 7. The court dismissed Dover's Fourth Amendment claims, which included illegal searches and seizures, false arrest, and supervisory liability, as time-barred because his arrest occurred more than two years prior to the filing of his original complaint. *See* Mem. Op. at 11–14. The court also dismissed Dover's claims regarding the alleged failure to return property seized during his arrest because adequate state post-deprivation remedies were available, and he had not yet availed himself of those remedies.[2] *Id.* at 16–18.

In the instant case, Dover has filed an application for leave to proceed *in forma pauperis* (the "IFP Application") and a new complaint.[3] Doc. Nos. 1, 3. In his new complaint, while acknowledging that the court dismissed his prior case, Dover asserts a due process claim for money damages against the defendants, Trooper Laskoskie, Trooper Gawel, and a John Doe supervisor, regarding property that was seized during his arrest in February 2019. *See* Compl. at ECF pp. 1, 8–20, Doc. No. 1. Dover also acknowledges that he was brought to the Lancaster State Police barracks after a "legal stop" for a rear light infraction. *Id.* at ECF p. 9.

Dover alleges that on "the morning of the arrest" the defendants seized "a then current act 235 liscense [sic], a then current New hampshire [sic] concealed carry permit, an expired Florida carry permit and a walther ppk. firearm, ammo etc." *Id.* at ECF p. 10. According to Dover, the

---

[2] The court also determined that Dover could not plausibly allege a claim against his former public defender under 42 U.S.C. § 1983 because a public defender does not act under "color of state law" for purposes of section 1983. *See* Mem. Op. at 10–11, *Dover I*. The court further determined that, to the extent Dover asserted a malicious prosecution claim under section 1983, his claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), insofar as his conviction has not been overturned or otherwise invalidated. *Id.* at 14–16.

[3] By an order dated July 14, 2021, the court directed Dover to either pay the filing fee necessary to commence a civil case in this court or file an application for leave to proceed *in forma pauperis*. *See* Doc. No. 5. The IFP Application was entered on the docket after the filing of this court's order; accordingly, the court will direct the clerk of court to vacate the July 14, 2021 order.

defendants informed him that the New Hampshire permit was invalid in Pennsylvania as Pennsylvania did not recognize reciprocity for a New Hampshire permit. *Id.* Dover contends that he was not engaged in a criminal act by having the firearm in his vehicle, and that "[t]here was no proceeding or adjudication at any time by any legal authority ever concerning the confiscation of these items and the legality thereof." *Id.* at ECF p. 11. Instead, the only "legal hearing" was held on April 16, 2021, and it addressed his DUI charge. *Id.*

Dover also contends that there was no basis for the gun charge, and therefore, the defendants had no authority to seize the items on the morning of the arrest. *Id.* at ECF p. 12. Rather, he contends that the defendants could only seize the items if he was "found guilty of certain infractions." *Id.* at ECF p. 13. He claims that his "items were confiscated illegally without any adjudication by a legal authority ever." *Id.* In addition, he asserts that the defendants knew him prior to the arrest, realized that there was a likelihood that a weapon would be found in his vehicle, and falsified the gun charge because "[a] gun charge is considered a coup for an officer, and each one counts come budget time." *Id.* at ECF pp. 14–16. He seeks, *inter alia*, monetary damages and a written apology. *Id.* at ECF pp. 19–21.

## II.    DISCUSSION

### A.    The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338

> (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in [sic] *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131–32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Dover is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

B.  **Standard of Review – Screening of Complaint Under 28 U.S.C. § 1915**

Because the court has granted Dover leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal—**(i)** is

5

frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious,

> [a] court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant.

*Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint fails to state a claim, the court must liberally construe the allegations set forth in the complaint. *See Higgs v. Attorney Gen.*, 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

Additionally, the court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *Peele v. McLaughlin*, 641 F. App'x 111, 112 (3d Cir. 2016) (per curiam) (explaining that even though "the statute of limitations is an affirmative defense [under Rule 8(c) of the Federal Rules of Civil Procedure], a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required"); *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." (citation and internal quotation marks omitted)); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013) (explaining that if affirmative defense appears on face of complaint, court can dismiss complaint under Rule 12(b)(6)), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

### C. <u>Analysis</u>

Dover is seeking relief in this case under 42 U.S.C. § 1983. This statute provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. When attempting to establish a claim under section 1983, a plaintiff must allege and prove that a "person" deprived the plaintiff of a constitutional right while acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law.").

The court interprets the complaint here as Dover's attempt to assert a Fourteenth Amendment due process claim based on the seizure of his firearm and licenses at the time of his arrest.[4] Compl. at ECF pp. 16–18; *see also id.* at ECF p. 8 ("Plaintiff now takes on the due process claims which were dismissed without prejudice on 6-11-21."); *id.* ("Because this is a due process claim involving relevant items seized . . . ."). The Fourteenth Amendment prohibits a state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. To state a plausible Fourteenth Amendment due process claim, a plaintiff must allege that "(1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law." *Rosado v. City of Coatesville*, Civ. A. No. 19-2426, 2020 WL

---

[4] On the form complaint, Dover indicates that he seeks to assert due process and illegal seizure claims in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *See* Compl. at ECF p. 3. Despite these references, the substantive portion of the complaint focuses on his procedural due process claim. *See id.* at ECF pp. 8–12. Nonetheless, to the extent Dover seeks to present a Fourth Amendment illegal seizure claim, the claim is implausible.

The court previously dismissed with prejudice Dover's Fourth Amendment claims based on the alleged illegal search and seizure of his property in connection with his arrest as the statute of limitations barred these claims. *See* Mem. Op. at 11–14, *Dover I*. Thus, the doctrine of claim preclusion (or *res judicata*) bars a Fourth Amendment claim based on the seizure of Dover's property in connection with his arrest. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009) (holding that *res judicata* bars suit when there has been: "(1) a judgment on the merits in a prior suit; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action"); *see also Donahue v. Dauphin Cnty.*, No. 20-2997, 2021 WL 1118007, at *2 (3d Cir. Mar. 24, 2021) (per curiam) ("A dismissal based on the running of the statute of limitations is a final judgment on the merits for the purposes of res judicata. Thus, all claims dismissed as time barred in the previous action are barred here by res judicata." (internal citation omitted)).

As an additional issue, while it is not completely evident whether Dover seeks to assert a separate claim, he also asserts that his "prison term" of seven days was excessive. Compl. at ECF pp. 9, 12, 16. Dover contends that he was detained "longer than both federal and state procedural rules allow." *Id.* at ECF p. 12. He also avers that the defendants "violated the 48 hr. rule exceeding the 72 hr. maximum limit for prison time before formal arraignment." *Id.* at ECF p. 16.

The publicly available state court docket reflects that Dover was detained for seven days following his arrest due to an inability to post bail. *See* Magis. Docket. Dover has not alleged a plausible basis for a constitutional claim based on his pretrial detention since the state court docket reflects that he received a preliminary arraignment the same day he was arrested, and the magisterial district judge set bail during his preliminary arraignment. *Id.* As Dover was held for several days thereafter because he was unable to make bail, the court perceives no plausible due process claim arising from his pretrial detention.

1508351, at *3 (E.D. Pa. Mar. 30, 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)). "A due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).

While due process usually requires some type of pre-deprivation hearing, a post-deprivation remedy may also satisfy the requirement. *Zinermon*, 494 U.S. at 117. Where there is no pre-deprivation hearing, the court will

> look at the post-deprivation process that the state provides to determine if it was "constitutionally adequate[,] ... [and do so by] examin[ing] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law."

*Frein v. Pa. State Police*, Civ. A. No. 3:20-939, 2021 WL 1172980, at *4 (M.D. Pa. Mar. 29, 2021) (alterations in original) (quoting *Zinermon*, 494 U.S. at 126).

Furthermore, "to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Alvin*, 227 F.3d at 116. A state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them." *Id.* (citations and alterations omitted). "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [the plaintiff] wants." *Id.* (citations omitted).

Pennsylvania provides a process to request the return of property seized by law enforcement. Under Pennsylvania law, "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of property on the ground that [the aggrieved person] is entitled to lawful possession thereof." Pa. R. Crim. P. 588(A). This motion

must be "filed in the Court of Common Pleas for the judicial district in which the property was seized." *Id.*

Through Rule 588(A), Pennsylvania law provides an adequate remedy when police seize property pursuant to an investigation. *See McKenna v. Portman*, 538 F. App'x 221, 224–25 (3d Cir. 2013) (holding that no cognizable due process claim could exist because Rule 588(A) "provides a process to challenge the seizure of property and a protocol to request its return" (citing *Potts v. City of Philadelphia*, 224 F. Supp. 2d 919, 938 (E.D. Pa. 2002) and *Kauffman v. Pa. Soc'y for the Prevention of Cruelty to Animals*, 766 F. Supp. 2d 555, 571 n.7 (E.D. Pa. 2011)); *Johnson v. Koehler*, Civ. A. No. 4:18-CV-807, 2020 WL 5488939, at *6 (M.D. Pa. June 11, 2020) (same), *R. & R. adopted*, Civ. A. No. 18-807, 2020 WL 5439899 (M.D. Pa. Sept. 10, 2020); *see also Houston v. City of Philadelphia*, Civ. A. No. 13-4442, 2015 WL 4404853, at *6 (E.D. Pa. July 20, 2015) (granting summary judgment on plaintiff's Fourteenth Amendment due process claim based on defendants' failure to return plaintiff's gun after charges were dismissed because plaintiff failed to meet his burden of showing that Rule 588 relief was unavailable or patently inadequate), *aff'd* 669 F. App'x 89 (3d Cir. 2016).

In his prior litigation, Dover raised a similar claim. There, he also sought the return of his property that the Pennsylvania State Police seized when they arrested him in February 2019. *See* 2d Am. Compl. at ECF p. 13, *Dover I*. When screening the operative complaint, the court construed Dover's claim as alleging that the defendants violated his due process rights under the Fourteenth Amendment when they seized his property and did not return it. *See* Mem. Op. at 16, *Dover I*. The court concluded that Dover failed to state a plausible due process claim because he did not take advantage of the process available under Pennsylvania state law pursuant to Pennsylvania Rule of Criminal Procedure 588(A). *Id.* at 17 (citing *Gulley v. Haymaker*, Civ. A. No. 06-131J, 2009 WL

10

763549, at *12 (W.D. Pa. Mar. 23, 2009)). Consequently, the court dismissed Dover's Fourteenth Amendment claims seeking the return of his property without prejudice to his right to pursue the return of his property in **state** court. *Id.* at 17–18 (citing *Scott v. Tonkin*, Civ. A. No. 20-2067, 2020 WL 6940828, at *4 (M.D. Pa. Nov. 25, 2020)).

Rather than pursuing his remedy in state court, Dover filed this case seeking monetary damages rather than the return of his property. *See* Compl. at ECF pp. 19–21. Dover has not presented a plausible Fourteenth Amendment due process claim for money damages based on the seizure of his property for the same reasons the court dismissed the claim in *Dover I*. Pennsylvania law provides an adequate remedy when police seize property pursuant to an investigation, but Dover has not alleged that he availed himself of the process provided by Rule 588. In fact, Dover concedes that "[o]n or about 06-14-21 Defendant Laskoskie left a phone message to [him] to call back concerning items in evidence while Plaintiff was researching this present matter, some 2.4 yrs. after they were seized. Plaintiff has no intention of calling these Defendants, their [sic] is a total lack of trust." *Id.* at ECF p. 16. Thus, any claim in this case alleging deprivation of property without due process of law under the Fourteenth Amendment is implausible because state law provides adequate post-deprivation process and Dover may not skip that process and bring suit here instead. *See Johnson*, 2020 WL 5488939, at *6 ("[W]hatever form of relief he seeks, Johnson must seek it in a state court proceeding because the availability of a state law tort action is considered an adequate post-deprivation remedy. More specifically, Pennsylvania Rule of Criminal Procedure 588(A) provides a procedure for the return of property seized during a criminal investigation, and courts 'have consistently held' that the Rule 'provides an adequate post-deprivation remedy.'" (citations omitted)).

### III. CONCLUSION

For the foregoing reasons, the court will grant Dover's IFP Application and dismiss the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with prejudice for failure to state a claim. The court will not grant Dover leave to file an amended complaint because any amendment would be futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (explaining that district court ordinarily must grant leave to amend, even without plaintiff requesting leave to amend, "unless amendment would be inequitable or futile"). Dover may pursue the return of his property or seek money damages in state court if appropriate and he so chooses.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.